■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY HUSE, Appellant.—Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered April 7, 1988, convicting defendant, after a jury trial, of assault in the first degree and sentencing him to an indeterminate term of imprisonment of from 5 to 15 years, unanimously affirmed.

During an altercation, the victim, armed with a police crowbar, a hammer and two knives, confronted defendant who had a bicycle chain wrapped around his fist. After another individual hit the victim on the side of the head with a two-by-four board and placed him in a choke hold, defendant severed both of the victim's Achilles tendons with a knife. The victim passed out and was thrown into a pile of garbage.

Defendant maintains that he was deprived of a fair trial by the court's charge on the duty to retreat when acting in defense of a third person. Specifically, he claims that the court improperly instructed the jury to apply an objective standard rather than a subjective standard with regard to the duty to retreat.

It is undisputed that Penal Law § 35.15 contains a subjective element, namely, that defendant "reasonably" believed that deadly force was necessary to avert imminent use of deadly force. The jury must also consider the circumstances facing a defendant including any relevant knowledge of the nature of the person confronting him *(People v Goetz,* 68 NY2d 96, 114). However, Penal Law § 35.15 retains an objective element to justify the use of deadly force: "Statutes or rules of law requiring a person to act 'reasonably' or to have a 'reasonable belief' uniformly prescribe conduct meeting an objective standard measured with reference to how 'a reasonable person' could have acted" *(People v Goetz, supra,* at 112). Accordingly, the trial court correctly instructed the jury to apply an objective standard in determining whether defendant was justified in using deadly physical force. In any event, under either standard, the evidence in this case clearly demonstrates that defendant was not justified in using deadly physical force.

Finally, we have considered defendant's contentions with regard to the sufficiency of the trial evidence and the court's instruction on the jury's ability to accept or reject all or portions of the witnesses' testimony and find them to be

without merit. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Rubin, JJ.